## JEFFERSON COUNTY—AUGUST TERM, 1818.

PRESENT—TAPPAN, *President;* M'ELROY, ANDERSON AND MOORES, *Associates.*

### FORD FOR, &C. VS. WILSON.

#### IN ATTACHMENT.

Leave to amend the return of a writ of attachment, will not be granted, when, by the plaintiff's neglect to advertise according to the statute, the proceedings are liable to be dismissed on motion.

An attachment will be dismissed, if the plaintiff does not advertise it in the time and manner prescribed by law.

The writ in this case, issued 26th June, 1817, returnable to the next September term of this court—the Sheriff returned on the writ that he "had attached all the lands, &c. of John Wilson, for the Farmer's bank of New Salem, subject to an execution in favor of the Columbiana Bank of New Lisbon," but no inventory and appraisement was annexed to and returned with the writ. WRIGHT now moved for leave for the officer to amend his return by annexing an inventory and appraisement of the property attached, to the writ. HALLOCK, for the defendant, opposed the motion to amend, and moved that the attachment be dismissed, because the return was insufficient, and no legal notice had been given.

PRESIDENT.—The law is, that "upon the return of the writ of attachment, it shall be the duty of the clerk who issued the same, to make out an advertisement, in which he shall state the names of the parties, the day, month and year, when, from what court and for what sum the writ issued, and deliver the same to the plaintiff or his attorney, on demand, who shall cause the same in thirty days thereafter, to be inserted in one of the newspapers printed in this state, and nearest to the place where the attachment issued out, which advertisement shall be continued in the papers six weeks successively, at least; and if any plaintiff shall neglect or refuse to have the notice required

by this section, published as herein set forth, his attachment shall be dismissed with costs"—the advertisement published in this case omits to state the day, month and year when the writ issued, it in every other respect complies with the requisition of the statute, this omission is incurable and fatal.    The plaintiff in attachment must see that he has his advertisement made ·out in the prescribed form. and inserted in the proper newspaper within thirty days from the return of the writ —for no other form or time subsequent can be considered as complying with the directions of the law; it would be useless and nugatory to allow the return to be amended, when, notwithstanding such amendment, the suit must be dismissed.    The law requires that an inventory and appraisement of the property attached, shall be made out, signed by the officer and appraisers, and be annexed to, and returned with the writ, and it provides that "such writ, when served, shall bind the property and estate of the defendant, so as aforesaid attached, from the time of executing the same," it is very doubtful whether any property was bound by this attachment: the amendment asked for, is intended to relate back, and bind the property from the 26th of August, 1817—there may be judgments since that time against the defendant which are lien upon this property, we are told there are such; can we, by granting this motion, remove such lien? I incline to think, that the amendment could not be allowed, if the advertisement had been such as the law requires.    Attachment dismissed with costs.